EDMONDSON, Chief Judge:
In this interlocutory appeal, Plaintiffs-Appellants Atlantic Sounding Co., Inc., and Weeks Marine, Inc. (“Plaintiffs”) appeal the district court’s denial of Plaintiffs’ motion to strike Defendant-Appellee Edgar L. Townsend’s (“Defendant”) request for punitive damages. The district court concluded that it was bound by our prior panel decision in Hines v. J.A. LaPorte, Inc., 820 F.2d 1187 (11th Cir.1987), which permits a seaman to recover punitive damages when an employer arbitrarily and willfully refuses to pay maintenance and cure. Plaintiffs contend that Hines was abrogated by Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), in which the Supreme Court concluded that recovery for non-pecuniary loss in the wrongful death of a seaman was not available under general maritime law. We conclude that our prior decision in Hines remains binding law in this Circuit; therefore, we affirm.
On 5 July 2005, Defendant, a seaman and crew member of the Motor Tug Thomas, allegedly slipped and landed shoulder first on the steel deck of the vessel, injuring his shoulder and clavicle. According to Defendant, Plaintiffs advised him that they would not provide him with maintenance and cure, which covers medical care, a living allowance, and wages for seamen who become ill or are injured while serving aboard a vessel.[1] Plaintiffs then filed this *1284 suit for declaratory relief on the question of their obligations in this matter.
Two days later, Defendant filed suit against Plaintiffs pursuant to the Jones Act, 46 U.S.C. § 688, and general maritime law, alleging negligence, unseaworthiness, arbitrary and willful failure to pay maintenance and cure, and wrongful termination. He then filed the same claims as counterclaims to the declaratory judgment action and sought punitive damages on his maintenance and cure claim. The district court later consolidated the two actions.
Plaintiffs moved to strike or to dismiss Defendant’s request for punitive damages. Plaintiffs contended that, under Miles, neither the Jones Act nor general maritime law provides a cause of action against an employer for non-pecuniary damages. The district court denied Plaintiffs’ motion, concluding that it was bound by our rule in Hines. The district court later denied Plaintiffs’ motion for reconsideration of the issue, but certified the question for review on interlocutory appeal.
Whether punitive damages may be recovered in maintenance and cure actions is a question of law that we review de novo. See Tucker v. Fearn, 333 F.3d 1216, 1218 n. 2 (11th Cir.2003). The central question here is whether we may depart from our prior ruling in Hines, based on the Supreme Court’s intervening decision in Miles; we conclude that we may not.
Under our prior panel precedent rule, a later panel may depart from an earlier panel’s decision only when the intervening Supreme Court decision is “clearly on point.” Garrett v. Univ. of Ala. at Birmingham Bd. of Trustees, 344 F.3d 1288, 1290-92 (11th Cir.2003) (concluding that an intervening Supreme Court decision did not “implicitly overrule” a pri- or circuit decision because the cases dealt with different issues and were not “clearly inconsistent”). The Supreme Court reminds us that “[tjhere is, of course, an important difference between the holding in a case and the reasoning that supports that holding.” Crawford-El v. Britton, 523 U.S. 574, 118 S.Ct. 1584, 1590, 140 L.Ed.2d 759 (1998). So, that the reasoning of an intervening high court decision is at odds with that of our prior decision is no basis for a panel to depart from our prior decision. As we have stated, “[ojbedience to a Supreme Court decision is one thing, extrapolating from its implications a holding on an issue that was not before that Court in order to upend settled circuit law is another thing.” Main Drug, Inc. v. Aetna U.S. Healthcare, Inc., 475 F.3d 1228, 1230 (11th Cir.2007) (concluding that the Supreme Court’s determination that the time requirement in Fed.R.Crim.P. 33 was not jurisdictional did not “relieve[ ] us from the obligation to follow our prior panel decisions holding that the requirements of Appellate Rule 5 are jurisdictional”); see also Smith v. GTE Corp., 236 F.3d 1292, 1303 (11th Cir.2001) (“[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel’s reasoning or analysis as it relates to the law in existence at that time.”); Fla. League of Prof'l Lobbyists, Inc. v. Meggs, 87 F.3d 457, 462 (11th Cir.1996) (“[W]e are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court.”).
In Hines, a panel of this Court determined that, in an action for maintenance and cure, “both reasonable attorney’s fees and punitive damages may be legally awarded in a proper case”—that is, upon a showing of a shipowner’s willful and arbitrary refusal to pay maintenance and cure. Hines, 820 F.2d at 1189. In *1285 reaching this conclusion, we relied mainly on four cases: Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); Complaint of Merry Shipping, Inc., 650 F.2d 622 (5th Cir. Unit B 1981); Holmes v. J. Ray McDermott & Co., 734 F.2d 1110 (5th Cir.1984); and Robinson v. Pocahontas, Inc., 477 F.2d 1048 (1st Cir.1973). We started with the proposition that Vaughan “permitted a seaman to recover reasonable counsel fees when the shipowner’s default in the duty to provide maintenance and cure was willful and persistent.” Hines, 820 F.2d at 1189.[2] We then noted that we had previously concluded in Merry Shipping that “punitive damages [were] recoverable under general maritime law upon a showing of a shipowner’s willful and wanton misconduct in a death action.” Id. And we noted that the Fifth Circuit had extended the Merry Shipping rule to maintenance and cure actions in Holmes and that the First Circuit also allowed punitive damages in similar circumstances. Id. While stating that Vaughan was not dispositive because it considered only attorney’s fees, we decided to follow the Fifth Circuit in adopting the reasoning of Mem/ Shipping and extending Vaughan’s rule to punitive damages in maintenance and cure actions. Id.
Three years later in Miles, the Supreme Court “conclude[d] that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman.” Miles, 111 S.Ct. at 326. In reaching this conclusion, the Court made this observation:
We no longer live in an era when seamen and their loved ones must look primarily to the courts as a source of substantive legal protection from injury and death; Congress and the States have legislated extensively in these areas. In this era, an admiralty court should look primarily to these legislative enactments for policy guidance. We may supplement these statutory remedies where doing so would achieve the uniform vindication of such policies consistent with our constitutional mandate, but we must also keep strictly within the limits imposed by Congress.
Id. at 323. Then, taking note that neither the Jones Act nor the Death on the High Seas Act (“DOHSA”), 46 U.S.C. §§ 761, 762 — both of which provide causes of action for the wrongful death of a seaman— permits the recovery of non-pecuniary losses, such as loss of society, the Court stated that “[i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence.” Id. at 326. Therefore, the Court denied the recovery sought and “restore[d] a uniform rule applicable to all actions for the -wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law.” Id.
Plaintiffs argue that “[t]he Miles uniformity principle dictates that all subsequent courts determining the availability of damages in a maritime case must provide for uniform results in similar factual settings, regardless of whether the action is brought pursuant to the Jones Act, DOH-SA, or general maritime law.” Under this principle, Plaintiffs reason, Defendant cannot recover punitive damages for a general maritime maintenance and cure cause of action because he would not be able to recover punitive damages — which are non-pecuniary in nature — under the Jones Act. But this argument can only be based on *1286 the reasoning of the Miles opinion, not on the Miles decision: its holding. Miles says and — more important — decides nothing about maintenance and cure actions or punitive damages. See Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 399, 5 L.Ed. 257 (1821) (Marshall, C.J.) (“[G]eneral expressions, in every opinion, are to be taken in connection with the case in which those expressions are used.”) For this reason, the Miles decision provides no basis for this panel to depart from Hines under our prior panel precedent rule. See Guevara v. Maritime Overseas Corp., 34 F.3d 1279, 1283 (5th Cir.1994), rev’d, in part on reh’g, 59 F.3d 1496 (1995) (“Maritime’s argument that Miles abrogates this Circuit’s rule [announced in Holmes] permitting the recovery of punitive damages in maintenance and cure cases obviously cannot rest upon the specific holding in Miles.... Miles did not involve maintenance and cure or punitive damages.”); Glynn v. Roy Al Boat Mgmt. Corp., 57 F.3d 1495, 1503 (9th Cir.1995) (“Because Miles did not consider the availability of punitive damages, and was not faced with a claim for maintenance and cure that has no statutory analog, it does not directly control the question of whether punitive damages are available for the willful failure to pay maintenance.”).[3] Therefore, the district court did not err in following Hines — the law of this Circuit— and in denying Plaintiffs’ motion to strike Defendant’s request for punitive damages.
AFFIRMED.

. In Flores v. Carnival Cruise Lines, 47 F.3d 1120, 1127 (11th Cir.1995), we described this kind of cause of action:
The seaman’s action for maintenance and cure may be seen as one designed to put the sailor in the same position he would have been had he continued to work: the seaman receives a maintenance remedy, because working seamen normally are housed and fed aboard ship; he recovers payment for medical expenses in the amount necessary to bring him to the maximum cure; and he receives an amount representing his *1284 unearned wages for the duration of his voyage or contract period.

. We did, however, acknowledge that it was unclear whether the Vaughan majority regarded attorney's fees as an item of compensatory damages or as a punitive measure. See Hines, 820 F.2d at 1189.

. Even those courts that have extended Miles to factual situations that are more similar to that presented in Miles have recognized that they do so under the reasoning, rather than the holding, of the Supreme Court's opinion. See, e.g., Horsley v. Mobil Oil Corp., 15 F.3d 200, 202-03 (1st Cir.1994) (relying on the “rationale” and "analysis” of Miles to conclude that seaman who had suffered nonfatal injuries could not recover punitive damages in an unseaworthiness action under general maritime law); Miller v. Am. President Lines, Ltd., 989 F.2d 1450, 1455, 1459 (6th Cir.1993) (concluding that punitive damages are not available in general maritime law unseaworthiness action for wrongful death of a seaman, after stating that Miles's "reasoning, if not its holding, seems to cover the type of damages before us”).