[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12141

_____

D.C. Docket No. 06-00087-CR-4-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR GONZALO VEGA-CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

ON PETITION FOR REHEARING EN BANC

(Opinion issued August 19, 2008)

Before EDMONDSON, Chief Judge, TJOFLAT, ANDERSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS, WILSON, and PRYOR, Circuit Judges.

O R D E R:

The Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the Suggestion of Rehearing En Banc is DENIED.

/s/ J. L. EDMONDSON

CHIEF JUDGE

CARNES, Circuit Judge, concurring:

I concur in the denial of rehearing en banc but might vote to carry en banc a case that more clearly presents the issue of whether sentencing disparities arising from the location of fast track or early disposition programs may justify a 18 U.S.C. § 3553(a) variance.

I agree with the panel majority that it was bound under our prior precedent rule to follow our decisions in United States v. Castro, 455 F.3d 1249, 1252–53 (11th Cir. 2006), and United States v. Llanos-Agostadero, 486 F.3d 1194, 1198–99 (11th Cir. 2007), notwithstanding the later decision in Kimbrough v. United States, 552 U.S. —, 128 S. Ct. 558, 570, 574 (2007). Even if Kimbrough's reasoning calls into question the reasoning of our earlier decisions, that is not enough for a panel to depart from them. See, e.g., Atl. Sounding Co. v. Townsend, 496 F.3d 1282, 1284 (11th Cir. 2007) ("Under our prior panel precedent rule, a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is clearly on point." (quotation marks omitted)). We adhere closely in this circuit to the prior precedent rule, and it is good that we do. See id. at 1286 (Carnes, J., concurring) (explaining why the prior precedent rule is important).

At the same time, the stronger our commitment at the panel level to prior

precedent where there has been an intervening Supreme Court decision arguably calling it into question, the greater ought to be our willingness to reconsider that precedent en banc. With that thought in mind, I have looked closely at this case. My conclusion is that it is not a good candidate for en banc review. It does not present us with the best, or even a good, factual basis for deciding whether sentencing disparities arising from the location of fast track or early disposition programs may be the basis for a 18 U.S.C. § 3553(a) variance.

The argument in favor of permitting a variance is that defendants in thirteen or so of the federal districts around the country are earning early disposition sentencing departures, up to four levels, that defendants in the other eighty-one districts are not eligible to receive. See generally U.S.S.G. § 5K3.1. The argument derives its force from the notion that two defendants with essentially the same sentencing profile and post-charge conduct should not be treated differently merely because of the part of the country where they committed their crime. If a defendant in New Mexico gets a lower sentence because he meets the early disposition criteria, then a materially identical defendant in Florida who meets those same criteria (except for where he is located) ought to get one, too. Or, at least, the sentencing judge in Florida ought to be allowed to vary downward in calculating the sentence in order to even things up. That is the argument; that is

4

the issue. Our <u>Castro</u> and <u>Llanos-Agostadero</u> decisions rejected that argument but then came <u>Kimbrough</u>. If <u>Kimbrough</u> has not revived the issue, it has at least put a few post-mortem twitches in it that might justify a fresh look en banc.

The problem is that this particular case will not give us a good look at that potentially meritorious issue. The reason is that Vega-Castillo likely would not have been eligible for, or offered a chance at, early disposition credit even if he had been apprehended and sentenced in a district with such a program. Vega-Castillo, who was convicted of reentering the United States illegally after having been deported or removed following a conviction for commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (b)(2), had been deported not just once but twice when he reentered. His record included a conviction for selling crack and two violent crime convictions, at least one of which was a felony. He had a total of either 11 or 13 criminal history points. According to the assertions in the government's brief, which Vega-Castillo has not denied, those facts likely would have rendered him ineligible for a fast track disposition departure in many, if not all, districts with such programs.

If we were going to take a case en banc to reconsider our <u>Castro</u> and <u>Llanos-Agostadero</u> precedents in light of the <u>Kimbrough</u> decision, it needs to be one where the facts put the issue in sharp focus. It needs to be a case where there is no

apparent reason why the defendant would not have been offered the benefits of an early disposition program if he had been in a district with that kind of program. It needs to be a case where the resolution of the issue will matter to the defendant. See Boxer X v. Harris, 459 F.3d 1114, 1114–16 (11th Cir. 2006) (Carnes, J., concurring in the denial of rehearing en banc). Vega-Castillo has not shown, and given his criminal history it is unlikely he could show, that he would have been approved for the program if only he had been caught in a district where one was available. He has not shown, and probably cannot show, that he is similarly situated to any defendant in any other district who received an early disposition sentence credit.

There is another problem with Vega-Castillo's case. The criteria the Attorney General adopted require as a condition for participation in the early disposition program the following:

> B. Minimum requirements for "fast-track" plea agreement. The Defendant must enter into a written plea agreement that includes at least the following terms:
>
> > i. The defendant agrees to a factual basis that accurately reflects his or her offense conduct;
> >
> > ii. The defendant agrees not to file any of the motions described in Rule 12(b)(3), Fed. R. Crim. P.
> >
> > iii. The defendant agrees to waive appeal; and

> iv. The defendant agrees to waive the opportunity to challenge his or her conviction under 28 U.S.C. § 2255, except on the issue of ineffective   assistance of counsel.

Memorandum from Attorney General John Ashcroft Setting Forth Justice Department's "Fast-Track" Policies Sept. 22, 2003, 16 Fed. Sent'g Rep. 134, 135 (2003), available at WL 23475483.   Vega-Castillo did not file an appeal waiver or a waiver of his right to attack his conviction in a 28 U.S.C. §2255 proceeding on any ground other than ineffective assistance of counsel.  Because those waivers are a uniform requirement of the programs, he is not similarly situated to any of the defendants who received the departure in other districts.

Of course, a defendant cannot be required to file an appeal waiver covering the fast track program disparity issue as a condition of appealing that very issue. However, it might well be reasonable to require the defendant to offer to file an appeal waiver covering every issue except fast track disparity in order to align himself as closely as possible with those defendants in other districts who have received the departure.  That offer would make him more similar to those in other districts who benefitted from the program.  And, in any event, there was no reason why Vega-Castillo could not have offered to enter the same waiver of the right to attack his conviction in a § 2255 proceeding that has been required of every

7

defendant who has gotten the benefit of the fast track program anywhere else.

Because of Vega-Castillo's criminal record, his failure to offer to waive his right to attack his conviction in a § 2255 proceeding, and his failure to offer to waive his right to appeal his sentence except for the issue at hand, his case does not adequately present the issue of whether a district court may, in an appropriate case, vary downward under § 3553(a) to eliminate disparities caused by the location of fast-track or early disposition programs.