[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 18-13800; 18-14984
Non-Argument Calendar

_____

D.C. Docket No. 5:18-cv-00171-MTT-CHW

WASEEM DAKER,

Plaintiff-Appellant.

versus

WARDEN,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

(February 14, 2020)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner proceeding *pro se*, appeals the district court's dismissal without prejudice of his petition for writ of habeas corpus, 28 U.S.C. § 2254.  In the petition, Daker raised claims concerning his placement in disciplinary segregation.  The district court construed the petition as a 42 U.S.C. § 1983 complaint and dismissed it pursuant to 28 U.S.C. § 1915(g).  On appeal, Daker argues that the district court erred by concluding that his claims were not cognizable under § 2254 and did not demonstrate that he was in imminent danger of serious physical injury, as required by § 1915(g).  He also argues that the district court abused its discretion in dismissing his action without giving him notice or an opportunity to amend his complaint.

## I.

We review the denial of a § 2254 petition de novo.  *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005).  Under our prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  Under this rule, "a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is 'clearly on point.'"  *Atl. Sounding Co., Inc. v. Townsend*, 496 F.3d 1282, 1284 (11th Cir. 2007).

2

State prisoners have two main avenues of relief on complaints related to their imprisonment under federal law: habeas corpus petitions under § 2254 and complaints under § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). We have stated that "[t]hese avenues are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006).

Claims challenging the fact or duration of a sentence fall within the "core" of habeas corpus, while claims challenging the conditions of confinement "fall outside of that core and may be brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Stated another way, if a claim "would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus, and may be brought, if at all, under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (internal quotation marks omitted).

The Supreme Court previously speculated that a habeas corpus claim might be actionable where a prisoner is "put under additional and unconstitutional restraints during his lawful custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). However, the Court has never followed that speculation. *Muhammad*, 540 U.S. at 751 n.1. Further, the Court has allowed a claim that a prisoner was denied procedural due process when being placed in disciplinary segregation to proceed under § 1983, although it did not address the cognizability of such claims in those

3

proceedings. *See Sandin v. Conner*, 515 U.S. 472, 477–87 (1995). Nevertheless, we have specifically held that such claims may proceed in a habeas petition, concluding that "release from administrative segregation . . . . falls into the category of fact or duration of . . . physical imprisonment." *Krist v. Rickets*, 504 F.2d 887, 887–88 (5th Cir. 1974) (internal quotation mark omitted).

Claims that a prison has violated the Eighth Amendment are cognizable under § 1983. *See Thomas v. Bryant*, 614 F.3d 1288, 1303–04 (11th Cir. 2010). Release from custody is generally not an available remedy for a violation of the Eighth Amendment. *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990). However, in *Sheley*, we remanded, in a habeas proceeding, for an evidentiary hearing on an Eighth Amendment claim that the length of an inmate's administrative segregation constituted cruel and unusual punishment. *Sheley v. Dugger*, 833 F.2d 1420, 1428–30 (11th Cir. 1987) (per curiam).

First Amendment claims are also cognizable under § 1983. *See, e.g.*, *Hakim v. Hicks*, 223 F.3d 1244, 1246 (11th Cir. 2000) (addressing a free-exercise claim); *Chapell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (per curiam) (addressing an access-to-the-courts claim); *Beard v. Banks*, 548 U.S. 521, 527 (2006) (addressing a challenge to restrictions on incoming mail).

Here, the district court erred in concluding that Daker could not challenge his disciplinary segregation in a § 2254 proceeding. Although the Supreme Court

4

has suggested that such claims might not be cognizable in a habeas proceeding, it has not done so in an opinion that is "clearly on point," so as to overrule our precedent, which says that such claims are cognizable. However, Daker's First and Eighth Amendment claims were cognizable under § 1983 and, therefore, not cognizable under the mutually exclusive remedy of § 2254. Although we allowed an Eighth Amendment claim to proceed under § 2254 in *Sheley*, that inmate was challenging the duration of his segregation as unconstitutional, so that claim was within the "core" of habeas. In contrast, Daker claims only that he was denied adequate food and medical care and was exposed to unsanitary conditions. Accordingly, we vacate the district court's order to the extent that it concluded that Daker's procedural-due-process claim was not cognizable in a § 2254 proceeding, and we remand for further proceedings as to that claim.

## II.

We review the denial of leave to proceed in forma pauperis (IFP) for abuse of discretion, but we review the interpretation of § 1915(g) de novo. *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283 (11th Cir. 2016). A district court abuses its discretion if it applies an improper legal standard, fails to follow proper procedures in making its determination, or makes clearly erroneous findings of fact. *Johnson v. Breeden*, 280 F.3d 1308, 1326 (11th Cir. 2002).

Where a prisoner has, on three or more previous occasions, brought an action or appeal that was dismissed as frivolous, malicious, or failing to state a claim, he is prohibited from bringing another civil action without paying the filing fee unless he is under imminent danger of serious bodily injury. 28 U.S.C. § 1915(g). A prisoner with three such "strikes" against him is only entitled to proceed without payment of court fees if he is in imminent danger of serious injury at the time that he files his suit. *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999). A prisoner's allegation of past imminent danger is insufficient to invoke the imminent-danger exception. *Id.* at 1193. When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, his complaint is construed liberally, and his allegations are accepted as true. *Brown v. Johnson*, 387 F.3d 1344, 1349–50 (11th Cir. 2004). The issue is not whether each specific physical condition or symptom complained of might constitute serious injury, but "whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Id.* at 1350.

Daker's allegations regarding his weight loss and the food provided to inmates in disciplinary segregation, the presence of "fecal projections," the adequacy of dental and medical care, and the denial of outdoor exercise do not establish that he was under imminent danger of serious injury at the time that he

6

filed his suit.  Accordingly, the district court did not abuse its discretion in determining that Daker was not entitled to proceed IFP.

III.

When an inmate is barred from proceeding IFP under § 1915(g), the full filing fee must be paid at the time that the prisoner initiates his suit.  *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).  Accordingly, when a district court denies leave to proceed IFP pursuant to § 1915(g), it must dismiss the complaint without prejudice, without giving the inmate an opportunity to arrange payment of the fee.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

"Due process does not always require notice and the opportunity to be heard before dismissal."  *Vanderberg*, 259 F.3d at 1324.  A dismissal without prejudice is usually not an abuse of discretion, as the petitioner can simply re-file his action. *See, e.g.*, *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (per curiam) (finding no abuse of discretion where dismissal for failure to file a court-ordered brief was without prejudice).  However, if an order has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, then the dismissal is tantamount to a dismissal with prejudice.  *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981).

7

When "a more carefully drafted complaint" might state a claim, the plaintiff must be given a chance to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). However, a district court need not allow an amendment where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies" through prior amendments; (2) amending the complaint would prejudice the opposing party; or (3) "amendment would be futile." *Id.*

The district court did not abuse its discretion in dismissing Daker's pleading without giving him an opportunity to amend because district courts are required to dismiss a three-striker's suit once IFP is denied. In any event, amendment would have been futile, as even Daker's allegations on appeal are insufficient to demonstrate imminent danger of serious physical injury. Furthermore, the district court's dismissal was without prejudice. Although Daker asserts that the dismissal was effectively with prejudice, he did not elaborate on that assertion, and our review of the record has not revealed any reason why he would be prevented from bringing his claims in a new § 1983 proceeding.

Accordingly, we affirm the dismissal of Daker's properly construed § 1983 claims, and we vacate and remand in part as to Daker's procedural due-process claim relating to his segregation for further proceedings that are consistent with this opinion.

8

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**