[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13871
Non-Argument Calendar
_____

D.C. Docket Nos. 2:16-cv-08148-SLB; 2:06-cr-00047-SLB-JHE-1

RONALD WAYLAND COLE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 13, 2021)

Before MARTIN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Ronald Wayland Cole, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.  The district court granted Cole a certificate of appealability on one issue: "Whether Cole's prior conviction for attempted rape in the first degree, in violation of Ala. Code § 13A-6-61(a)(2), qualifies as a 'violent felony' under the elements clause of the Armed Career Criminal Act, § 924(e)(2)(B)(i)."  The government concedes that under our binding precedent, Cole's attempted rape conviction does not qualify as a violent felony as that term is defined in the Act.  We agree, and therefore reverse the judgment of the district court and remand for resentencing.

The Armed Career Criminal Act (ACCA) provides that a defendant convicted of illegally possessing a firearm in violation of 18 U.S.C. § 922(g) who has three prior convictions for violent felonies or serious drug offenses is subject to a 15-year mandatory minimum sentence.  18 U.S.C. § 924(e)(1).  Without the ACCA enhancement, the statutory maximum sentence for a violation of § 922(g) is ten years.  *Id.* § 924(a)(2).

In relevant part, ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of

2

another." *Id.* § 924(e)(2)(B)(i).  The Supreme Court has explained that in this context, "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Curtis Johnson*") (emphasis in the original).  Where the elements of an offense require only the "merest touching," the crime is not categorically a violent felony within the meaning of the Act.  *Id.* at 139, 142–43.

Here, Cole pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1); use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 3).  Cole's presentence investigation report (PSR) identified three prior Alabama "violent felony" convictions that qualified him for a mandatory minimum 15-year sentence on Count 3: two for second-degree assault and one for attempted first-degree rape.[1]  The district court adopted the PSR and sentenced Cole to concurrent terms of 202 months' imprisonment on Count 1 and Count 3, and 60 months' imprisonment, to be served consecutively, on Count 2.

---

[1] The PSR also referenced a prior state conviction for abuse and neglect, but because the government has been unable to identify the relevant criminal statute, it does not contend that the abuse-and-neglect conviction counts as a qualifying violent felony.

In his § 2255 petition, Cole challenges his sentence on Count 3 on the ground that his conviction for Alabama attempted rape is not a violent felony as that term is defined in ACCA. Our precedent compels us to agree.

Cole and the government agree that his attempted rape conviction was for a violation of Alabama Code § 13A-6-61(a)(2). At the time of Cole's offense, that section provided that a person was guilty of rape in the first degree if he engaged "in sexual intercourse with a female who is incapable of consent by reason of being physically helpless or mentally incapacitated." Ala. Code § 13A-6-61(a)(2) (1997). For purposes of the Alabama statute, the term "sexual intercourse" has "its ordinary meaning and occurs upon any penetration, however slight; emission is not required." Ala. Code § 13A-6-60(1) (1997). This Court has previously held that Alabama second-degree rape, which prohibits sexual intercourse with a person who is incapable of consent due to age, is not a violent felony under ACCA. *United States v. Owens*, 672 F.3d 966, 971 (11th Cir. 2012); *see* Ala. Code § 13A-6-62. We explained that in light of *Curtis Johnson*, "the kind of physical force required for a qualifying violent felony under the ACCA is not satisfied by the merest touching, or in this case, the slightest penetration." *Id.*

Like Alabama second-degree rape, the force required for first-degree rape under Alabama Code § 13A-6-61(a)(2) is the force required to engage in the act of sexual intercourse—which requires only slight penetration under Alabama law.

4

Ala. Code § 13A-6-60(1) (1997).  *Owens* provides that such force does not amount to the kind of "violent force" necessary to classify an offense as a "violent felony" under ACCA's elements clause.  Accordingly, Cole's conviction for attempted rape under § 13A-6-61(a)(2) is not a qualifying violent felony, and he has, at most, two predicate violent felony convictions.  His 202-month sentence on Count 3 therefore exceeds the statutory maximum of ten years' imprisonment.

The district court implied that *Owens* had been undermined by *Stokeling v. United States*, 139 S. Ct. 544 (2019), in which the Supreme Court clarified that its holding in *Curtis Johnson* "does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality." 139 S. Ct. at 554.  But even if *Stokeling* can be said to weaken *Owens*, we are not free to disregard our precedent—and neither is the district court.  "Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).  To overrule our prior precedent, an intervening Supreme Court decision must be "clearly on point."  *Atlantic Sounding Co., Inc. v. Townsend*, 496 F.3d 1282, 1284 (11th Cir. 2007) (citation omitted).  "Even if the reasoning of an intervening high court decision is at odds with a prior appellate court decision, that

5

does not provide the appellate court with a basis for departing from its prior decision." *United States v. Vega-Castillo*, 540 F.3d 1235, 1237 (11th Cir. 2008).

We conclude that under *Curtis Johnson* and *Owens*, Cole's conviction for attempted rape in violation of Alabama Code § 13A-6-61(a)(2) is not a "violent felony" within the meaning of ACCA.  Because Cole did not have three prior violent felony convictions, his 202-month sentence on Count 3 exceeds the statutory maximum.  We therefore reverse the district court's denial of Cole's § 2255 motion and remand for resentencing.

**REVERSED AND REMANDED.**