[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13044

Non-Argument Calendar

_____

SHAQUILLE KIERAN ALLEN,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A063-101-734

_____

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Shaquille Allen petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of his application for asylum pursuant to the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 1208.16(c). He admits that his petition was untimely filed but argues that we should review the petition anyway because he failed to receive a copy of the BIA's decision and a hurricane prevented him from timely filing. He also moves to proceed *in forma pauperis* ("IFP"). The government moves for summary disposition, arguing that this Court should dismiss Allen's petition as untimely under 8 U.S.C. § 1252(b)(1). It also moves to stay the briefing schedule.

We determine *de novo* whether we have subject matter jurisdiction. *Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1313 (11th Cir. 2013). "Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018) (quotation marks omitted).

A petition for review of an order of removal must be filed no later than "30 days after the date of the final order of removal." INA § 242(b)(1), 8 U.S.C. § 1252(b)(1).  An order of removal is final when the BIA affirms the order or when the time to appeal the order to the BIA expires, whichever is earlier.  INA § 101(a)(47)(B), 8 U.S.C. § 1101(a)(47)(B).

Prior to 1996, § 1105a(a)(1) governed the time to file a petition for review, providing that a petition "may be filed not later than 90 days after the date of the issuance of the final deportation order, or, in the case of an alien convicted of an aggravated felony . . . , not later than 30 days after the issuance of such order." INA § 106(a)(1), 8 U.S.C. § 1105a(a)(1) (1995).  The statute also required that review of an order regarding a motion to reconsider or reopen be consolidated with the review of the underlying agency order.  *Id.* § 1105a(a)(6).

In *Stone v. INS*, the Supreme Court declined to infer from § 1105a(a)(6)'s consolidation requirement that a motion for reconsideration of a deportation order suspended the order's finality. 514 U.S. 386, 405 (1995).  It reasoned that "[j]udicial review provisions" like § 1105a(a) "are jurisdictional in nature and must be construed with strict fidelity to their terms."  *Id.*  The Court explained that "[t]his is all the more true of statutory provisions specifying the timing of review, for those time limits are, as we have often stated, mandatory and jurisdictional, and are not subject to equitable tolling."  *Id.* (quotation marks and citation omitted) (citing *Cheng Fan Kwok v. I.N.S.*, 392 U.S. 206, 212 (1968) ("Section 106(a)

is intended exclusively to prescribe and regulate a portion of the jurisdiction of the federal courts.  As a jurisdictional statute, it must be construed both with precision and with fidelity to the terms by which Congress has expressed its wishes.").  We have relied on *Stone* in stating that the deadline in § 1252(b)(1) is also jurisdictional and not subject to equitable tolling. *Dakane v. U.S. Att'y Gen.*, 371 F.3d 771, 773 n.3 (11th Cir. 2004).

In 2006, the Supreme Court adopted the clear-statement rule, holding that a statute is jurisdictional only if clearly indicated. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006).  The Supreme Court applied the clear-statement rule, in *Santos-Zacaria v. Garland*, in determining whether the exhaustion requirement in § 1252(d)(1) is jurisdictional.  598 U.S. 411, 415-17 (2023).  It concluded that, because exhaustion requirements are usually claims processing rules and the statute did not specify any jurisdictional bar, § 1252(d)(1) is not jurisdictional.  *Id.* at 417-19.  It held that *Stone* could not be read to establish that the exhaustion requirement is jurisdictional because it predated *Arbaugh* and did not address the exhaustion requirement.  *Id.* at 421-22.

Under the prior panel precedent rule, we must follow a prior binding precedent "unless and until it is overruled by this [C]ourt *en banc* or by the Supreme Court." *United States v. Martinez*, 606 F.3d 1303, 1305 (11th Cir. 2010) (quotation marks omitted).  As to subsequent Supreme Court decisions, a later panel may depart from an earlier decision based on an intervening Supreme Court decision only if the intervening decision is "clearly on point."

*Atlantic Sounding Co. v. Townsend*, 496 F.3d 1282, 1284 (11th Cir. 2007) (quotation omitted).  Therefore, "that the reasoning of an intervening high court decision is at odds with that of our prior decision is no basis for a panel to depart from our prior decision." *Id.*

We lack jurisdiction to consider Allen's petition because it is untimely, as he filed the petition more than 30 days after the time to appeal the BIA's August 1 ruling expired.  INA § 242(b)(1), 8 U.S.C. 1252(b)(1); *Dakane*, 399 F.3d at 1272 n.3.  Under the prior panel precedent rule, we are obligated to follow *Dakane* because *Santos-Zacaria* is not clearly on point, as it examined § 1252(d)(1). *Townsend*, 496 F.3d at 1284; *Dakane*, 399 F.3d at 1272 n.3; *Santos-Zacaria*, 598 U.S. at 417-19, 421-22.  That the Supreme Court's reasoning in *Santos-Zacaria* may be at odds with our reasoning in *Dakane* due to its reliance on *Stone* is no basis to depart from *Dakane*.  *Townsend*, 496 F.3d at 1284.  Notably, the Supreme Court has not overruled either *Dakane* or *Stone*.  *See Stone*, 514 U.S. at 405; *Dakane*, 371 F.3d at 773 n.3.  While Allen states that he did not receive a copy of the BIA's decision and a hurricane prevented him from timely filing his petition, § 1252(b)(1) is not subject to equitable tolling.  *Dakane*, 399 F.3d at 1272 n.3.

Accordingly, we DISMISS the petition as untimely.  Because we lack jurisdiction, we DENY as moot the government's motions for summary disposition and to stay the briefing schedule and Allen's motion to proceed IFP.

**DISMISSED.**