[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11046

Non-Argument Calendar

_____

MANES JEAN-BAPTISTE,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A071-898-487

_____

Before JORDAN, LAGOA, and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner Manes Jean-Baptiste petitions for review of the March 3, 2023, order of the Board of Immigration Appeals ("BIA") denying his construed motion for *sua sponte* reconsideration of its April 7, 2022, order dismissing his administrative appeal. Jean-Baptiste argues that the BIA abused its discretion in denying *sua sponte* reconsideration because he did not have adequate notice of the proceedings on remand or of the briefing schedule to argue the merits of his appeal. Additionally, he argues that the instant petition for review should be construed as seeking review of both the March 3, 2023, order denying reconsideration and the April 7, 2022, order dismissing his underlying claims that his Florida cocaine offense did not disqualify him from certain forms of relief from removal. Having read the parties' briefs and reviewed the record, we dismiss the petitions for review for lack of jurisdiction.

## I.

Before addressing the merits of a petitioner's claims, we must ensure that we have jurisdiction over the appeal. *Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1313 (11th Cir. 2013). We determine *de novo* whether we have subject matter jurisdiction. *Id.*

## II.

In immigration proceedings, "[t]he petition for review must be filed not later than 30 days after the date of the final order of

removal." Immigration and National Act ("INA") § 242(b)(1), 8 U.S.C. § 1252(b)(1). A petitioner may file a motion to reconsider the decision, explaining an error in the proceedings, within the same 30 days. *See* INA § 240(c)(6), 8 U.S.C. § 1229a(c)(6); *see also* 8 C.F.R. § 1003.2(b)(2). A petitioner may also file to reopen the proceedings, supported by new facts, within 90 days. *See* INA § 240(c)(7)(B), (C)(i); 8 U.S.C. § 1229a(c)(7)(B), (C)(i); 8 C.F.R. § 1003.2(c)(1).

In *Stone v. I.N.S.*, the Supreme Court held that a predecessor statute governing the time to file a petition for review was "jurisdictional in nature and must be construed with strict fidelity to [its] terms." 514 U.S. 386, 405, 115 S. Ct. 1537, 1544 (1995). The Court explained that "[t]his is all the more true of statutory provisions specifying the timing of review, for those time limits are, as [it has] often stated, mandatory and jurisdictional, and are not subject to equitable tolling." *Id.* at 405, 115 S. Ct. at 1544 (quotation marks and citation omitted). We have relied on *Stone* in concluding that the 30-day deadline in INA § 242(b)(1), 8 U.S.C. § 1252(b)(1), is jurisdictional and not subject to equitable tolling. *See, e.g.*, *Dakane v. U.S. Att'y Gen.*, 371 F.3d 771, 773 n.3 (11th Cir. 2004).

More recently, the Supreme Court has emphasized the difference between a jurisdictional requirement and a nonjurisdictional claims-processing rule, noting that it had been "less than meticulous" in its use of the terms "mandatory and jurisdictional" in the past. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 26-27, 138 S. Ct. 13, 21 (2017) (quotation marks omitted). The

Supreme Court explained that a "jurisdictional defect is not subject to waiver or forfeiture," and "courts are obligated to notice jurisdictional issues and raise them on their own initiative." *Id.* at 20, 138 S. Ct. at 17. On the other hand, mandatory claims-processing rules must be enforced if properly invoked by a party, but may be waived or forfeited. *Id.*, 138 S. Ct. at 17. Given this distinction, the Supreme Court has "endeavored to bring some discipline to use of the jurisdictional label." *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203, 142 S. Ct. 1493, 1497 (2022) (quotation marks omitted). To that end, the Supreme Court has stated that a procedural requirement is jurisdictional "only if Congress clearly states that it is." *Id.* (internal quotation marks omitted).

In *Santos-Zacaria v. Garland*, the Supreme Court held that the provision of the INA that requires administrative exhaustion, § 242(d)(1), 8 U.S.C. § 1252(d)(1), is not jurisdictional. 598 U.S. 411, 413, 431, 143 S. Ct. 1103, 1120 (2023). The Court concluded that INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), lacks the "clear statement" necessary to qualify as jurisdictional because (1) exhaustion requirements are ordinarily not jurisdictional, and (2) the statute does not contain plainly jurisdictional terms, such as "no court shall have jurisdiction," despite using that phrase elsewhere in INA § 242, 8 U.S.C. § 1252. *Id.* at 417-19, 143 S. Ct. at 1112-13. The Court then explained that *Stone* did not support concluding that INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), was jurisdictional, as in addition to not addressing the exhaustion requirement, *Stone* (1) did not "attend[] to the distinction between 'jurisdictional' rules (as [the Court] understand[s] them today) and nonjurisdictional but

mandatory ones," and (2) predated the Court's cases that brought "discipline" to the term "jurisdictional." *Id.* at 421-22, 143 S. Ct. at 1115.

Under the prior panel precedent rule, we must follow our prior binding precedent "unless and until it is overruled by this court *en banc* or by the Supreme Court." *United States v. Martinez*, 606 F.3d 1303, 1305 (11th Cir. 2010) (quotation marks omitted). "An intervening Supreme Court decision abrogates our precedent only if the intervening decision is both clearly on point and clearly contrary to our earlier decision." *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) (quotation marks omitted). "If the Supreme Court never discussed our precedent and did not otherwise comment on the precise issue before the prior panel, our precedent remains binding." *Id.* (quotation marks and brackets omitted). We have noted that "there is, of course, an important difference between the holding in a case and the reasoning that supports that holding." *Atl. Sounding Co. v. Townsend*, 496 F.3d 1282, 1284 (11th Cir. 2007) (quotation marks and alteration omitted). "[T]hat the reasoning of an intervening high court decision is at odds with that of our prior decision is no basis for a panel to depart from our prior decision." *Id.*

We have not addressed in a published opinion whether *Santos-Zacaria* abrogated *Stone* and our precedents relying on *Stone* to hold that INA § 242(b)(1), 8 U.S.C. § 1252(b)(1), is jurisdictional. Other circuits have reached differing conclusions regarding whether *Santos-Zacaria* abrogated their prior precedent treating

INA § 242(b)(1), 8 U.S.C. § 1252(b)(1), as jurisdictional, with the Fifth and Ninth Circuits concluding that it did, and the Fourth and Seventh Circuits concluding that it did not. *See, e.g., Argueta-Hernandez v. Garland*, 87 F.4th 698, 705 (5th Cir. 2023) (deadline is not jurisdictional because *Stone* did not establish that the exhaustion requirement was jurisdictional in nature); *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1047 (9th Cir. 2023) (same); *but see Salgado v. Garland*, 69 F.4th 179, 181 n.1 (4th Cir. 2023) (holding that because the Supreme Court has not overruled *Stone*, it is bound to apply it unless and until the Supreme Court decides to the contrary); *F.J.A.P. v. Garland*, 94 F.4th 620, 626 (7th Cir. 2024) (stating that although *Santos-Zacaria* "called the jurisdictionality of §1252(b)(1) into question", it did not directly overrule *Stone*; thus, it was obligated to continue applying *Stone*).

Based on the record and our existing precedents, we conclude that we lack jurisdiction to consider the merits of the BIA's April 7, 2022, order. Jean-Baptiste indicated that he appealed from the March 3, 2023, order only, although he raised the merits of the April 7, 2022, order in his briefs on appeal and argued that he should be permitted to challenge the April order in the instant appeal because he was unable to seek review of the decision due to lack of notice. Nevertheless, Jean-Baptiste's petition for review was not timely to challenge the April order because the deadline to appeal from that order was May 7, 2022. Thus, because Jean-Baptiste's petition for review did not mention, and was not timely filed, from that April order, and our prior precedents hold that the 30-day deadline in INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) to petition for

review from a BIA order is a jurisdictional requirement, and because those precedents were not disturbed by *Santos-Zacaria*, we lack jurisdiction to consider the merits of the BIA's April order. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). *See Santos-Zacaria*, 598 U.S. at 413, 431, 143 S. Ct. at 1103, 1120; *Stone*, 514 U.S. at 405, 115 S. Ct. at 1549; *Dakane*, 371 F.3d at 773 n.3; *Dubois*, 94 F.4th at 1293.

## III.

Jean-Baptiste contends on appeal that the court has jurisdiction to correct clear errors of law in removal proceedings, and this court should intervene to address the procedural problems caused by the BIA and entertain his arguments on the merits in the instant appeal. Jean-Baptiste argues that the BIA failed to properly notify him of the remanded proceedings and sent information to his former detention center years after he was deported to Haiti. He also claims that the BIA failed to notify his counsel of the remanded proceedings, and that the BIA erred in construing his request to reissue the briefing schedule as a motion for reconsideration. In response, the government contends that the court lacks jurisdiction to review the BIA's March 3, 2023, order, citing BIA decisions holding that *sua sponte* reconsideration is an extraordinary remedy that is not proper for curing filing defects or otherwise avoiding regulations. It states that the court generally lacks jurisdiction to review the BIA's decision denying *sua sponte* reconsideration because the relevant regulations provide no meaningful benchmark for evaluating the agency's use of its discretionary power.

The court is restricted from reviewing certain discretionary decisions by administrative agencies. Under the Administrative Procedure Act, judicial review is not available when an agency action is committed to agency discretion by law. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410, 91 S. Ct. 814, 820 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105, 97 S. Ct. 980, 984 (1977). In other words, courts cannot review an agency action if the relevant statute "is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830, 105 S. Ct. 1649, 1655 (1985).

The INA provides generally that the "Attorney General shall establish such regulations . . . as the Attorney General determines to be necessary for carrying out" the statute. INA § 103(g)(2), 8 U.S.C. § 1103(g)(2). This provision forms the statutory basis for 8 C.F.R. § 1003.2(a), which states that the BIA "may at any time reopen or reconsider … any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a) (2022). The regulation emphasizes that "[t]he decision to grant or deny a motion to reopen or reconsider is within the discretion" of the BIA and the BIA "has discretion to deny a motion to reopen even if the moving party has made out a *prima facie* case for relief." *Id.*

We have held that we lack jurisdiction to hear a petition for review of the BIA's discretionary denial of a motion to reopen removal proceedings *sua sponte*. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008). We explained that such appeals were

not subject to judicial review because the BIA's discretionary power to *sua sponte* reopen or reconsider earlier proceedings derived from INA § 103(g)(2), 8 U.S.C. § 1103(g)(2), and 8 C.F.R. § 1003.2(a) and neither the statute nor the regulation provided a standard to govern whether the BIA abused its discretion in denying relief. *Id.* at 1292-94. Although the court left open the question of whether "an appellate court may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* power," *Id.* at 1294 n.7, we have since observed that we may retain jurisdiction where an appellant raises constitutional claims based on the BIA's decision denying his motion to reopen proceedings *sua sponte*. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871 (11th Cir. 2018).

Noncitizens are entitled to due process of the law in removal proceedings. *See, e.g.*, *Fernandez-Bernal v. Att'y Gen. of U.S.*, 257 F.3d 1304, 1310 n.8 (11th Cir. 2001). Due process requires that noncitizens be given notice and an opportunity to be heard. *See id.* In order to establish a due process violation, the noncitizen must show that he was deprived of liberty without due process due to an error in the removal proceedings that caused him substantial prejudice. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003), *overruled on other grounds by Patel v. Att'y Gen. of U.S.*, 971 F.3d 1258 (11th Cir. 2020). We generally do not permit constitutional due process claims based on the denial of discretionary forms of relief. *See, e.g.*, *Ponce Flores v. Att'y Gen. of U.S.*, 64 F.4th 1208, 1220 (11th Cir. 2023) (cancellation of removal); *Garcia v. Att'y Gen. of U.S.*, 329 F.3d 1217, 1223-24 (11th Cir. 2003) (waiver of

excludability); *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1197 (11th Cir. 2008) (continuance of removal proceedings and adjustment of status).

The BIA presumes receipt of a notice sent by regular mail if the notice was properly addressed and mailed, but this presumption is weaker than that applied to a notice sent by certified mail. *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (BIA 2008). In evaluating whether a noncitizen has rebutted the presumption of receipt by regular mail, the BIA must consider all relevant evidence. *Id.* at 674. It may consider several factors, including:

> (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice.

*Id.* It has emphasized, however, that the foregoing is a case-by-case inquiry, and that an immigration judge is "neither required to deny

reopening if exactly such evidence is not provided nor obliged to grant a motion, even if every type of evidence is submitted." *Id.*

An appellant abandons a claim when he "does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims," makes it only in a passing reference, or addresses it in a perfunctory manner without reasoning or citations to authorities in support. *Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted). We have applied these principles from *Sapuppo* in immigration appeals. *See, e.g.*, *Islam v. Sec'y, Dep't of Homeland Sec.*, 997 F.3d 1333, 1343, 1346 n.5, 1347 (11th Cir. 2021) (declining to discuss an argument not fully briefed on appeal); *Stevens v. Osuna*, 877 F.3d 1293, 1309 n.14 (11th Cir. 2017) (same). However, we have recognized a distinction between two types of abandonment, forfeiture of issues by failing to make a timely assertion of rights and waiver of issues by intentionally relinquishing known rights. *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir.) (*en banc*), *cert. denied*, 143 S. Ct. 95 (2022). Courts may "resurrect" forfeited issues *sua sponte* in "extraordinary circumstances" because the abandonment rule is prudential, rather than jurisdictional. *Id.* at 872-73 (quotation marks omitted).

Based on the record, we conclude that we lack jurisdiction to review the BIA's March 3, 2023, order denying *sua sponte* reconsideration. The regulation that grants the BIA authority to reopen or reconsider a decision *sua sponte* does not provide a standard for the exercise of judicial review over this discretionary decision, and

Jean-Baptiste has not raised a colorable claim of a constitutional violation arising from the denial of *sua sponte* reconsideration. *See* 8 C.F.R. § 1003.2(a); *Lenis*, 525 F.3d at 1294; *Bing Quan Lin*, 881 F.3d at 871. Jean-Baptiste did not present his claims of procedural error in constitutional due process terms in his briefs on appeal, and he failed to present a colorable due process claim based on the BIA's failure to alert his attorneys to the briefing schedule. He has not presented evidence rebutting the presumption that his attorneys received the notice of remand and failed to follow its express instructions to enter an appearance within 15 days, regardless of any general guidance about notices of appearance in the BIA manual, which led the BIA to assume that they no longer represented Jean-Baptiste.

Accordingly, based on the aforementioned reasons, we dismiss for lack of jurisdiction Jean-Baptiste's petition for review of the BIA's March 3, 2023, order denying *sua sponte* reconsideration of its underlying decision.

**PETITION DISMISSED.**