**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-1496**

---

ANA GLORIA SANTOS-DE JIMENEZ; A.J.,

        Petitioners,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Argued:  September 13, 2022              Decided:  November 15, 2022

---

Before AGEE, RICHARDSON, and RUSHING, Circuit Judges.

---

Petition for review dismissed by published opinion.  Judge Rushing wrote the opinion, in which Judge Agee and Judge Richardson joined.

---

**ARGUED:**  Christopher J. Fernandez, K&L GATES LLP, Charlotte, North Carolina, for Petitioners.  Susan Bennett Green, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:**  Brian M. Boynton, Principal Deputy Assistant Attorney General, Linda S. Wernery, Assistant Director, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

RUSHING, Circuit Judge:

Ana Gloria Santos-de Jimenez and her minor daughter, natives and citizens of Guatemala, petition for review of the final order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's order denying Santos's application for asylum and withholding of removal. Petitioners filed their petition for review with this Court one day after the deadline set by 8 U.S.C. § 1252(b)(1). They contend that Federal Rule of Appellate Procedure 26(c) extends the filing period by three additional days because the Board served the order by mail. We conclude that Rule 26(c) does not apply to petitions for review governed by Section 1252(b)(1). Because the petition was untimely, we lack jurisdiction and dismiss the petition.

The Immigration and Nationality Act (INA) requires that a petition for judicial review of a final order of removal "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). This time limit is "mandatory and jurisdictional" and is "not subject to equitable tolling." *Stone v. INS*, 514 U.S. 386, 405 (1995) (internal quotation marks omitted). The Board entered its final order of removal in this case on March 29, 2021, the date stamped on the order itself. *See* 8 U.S.C. § 1101(a)(47)(B)(i). Petitioners therefore had until April 28, 2021, to file their petition for review. But Petitioners filed their petition on April 29, one day outside the statutory time limit.

Rule 26(c) did not afford Petitioners three additional days to file. By its terms, Rule 26(c) applies "[w]hen a party may or must act within a specified time after being served." Section 1252(b)(1) calculates the time for filing a petition for review from "the date of the

2

final order of removal," not the date the order was served. Petitioners observe that an immigration regulation requires the Board to serve copies of its decisions on the affected parties. *See* 8 C.F.R. § 1003.1(f). The Board's obligation to serve the parties, however, does not alter the statutory time limit for filing a petition for review, which Congress set to run from "the date of the final order of removal," not the date of service. In other provisions of the INA, Congress has imposed timelines that run from service of a document. *See*, *e.g.*, 8 U.S.C. §§ 1252(b)(3)(C), 1229(b)(1). But Section 1252(b)(1) makes no mention of service, and we must construe this judicial review provision "with strict fidelity to [its] terms." *Stone*, 514 U.S. at 405. We therefore conclude that Rule 26(c) does not enlarge the time to file a petition for review governed by Section 1252(b)(1).

Our sister circuits agree with this conclusion. All three courts of appeals to consider the question expressly have held that Rule 26(c) does not apply to extend the time to file a petition for review. *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1027 (5th Cir. 2016) (reasoning that Rule 26(c) does not apply because "Section 1252(b)(1) does not mention 'service,'" rather "the trigger date for filing is the 'date of the final order of removal'"); *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (same); *Haroutunian v. INS*, 87 F.3d 374, 377 (9th Cir. 1996) (reaching the same conclusion under a prior version of the statute). Several other courts of appeals have dismissed petitions filed one or two days after the 30-day deadline, calculated from the date of the Board's final order, without applying or directly addressing Rule 26(c). *See*, *e.g.*, *Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045–1046 (11th Cir. 2012); *Sankarapillai v. Ashcroft*, 330 F.3d 1004, 1006 (7th Cir. 2003); *Malvoisin v. INS*, 268 F.3d 74, 75–76 (2d Cir. 2001). We have done the same in

3

unpublished decisions. *See, e.g., Yanez-Reyes v. Garland*, No. 21-1072, 2022 WL 738615, at *1 (4th Cir. Mar. 11, 2022); *Lenga v. Holder*, 547 Fed. App. 328, 329 (4th Cir. 2013).

Petitioners urge us to break from this uniform authority. In support, they cite decisions holding that the time to file a petition for review begins to run when the Board "'mail[s] its decision to petitioner's [or his counsel's] address of record.'" *Zaluski v. INS*, 37 F.3d 72, 73 (2d Cir. 1994) (quoting *Ouedraogo v. INS*, 864 F.2d 376, 378 (5th Cir. 1989)); *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1258–1259 (9th Cir. 1996) ("adopt[ing] the rule in *Zaluski* and *Ouedraogo*"); *Campbell v. Att'y Gen.*, 844 Fed. App. 546, 549 (3d Cir. 2021) (quoting a case quoting *Martinez-Serrano*). Unlike in those cases, Petitioners do not dispute that the Board mailed its final order to them on the same day it was entered or that they received the order in time to file a timely petition for review. Rather, Petitioners contend that those decisions—which did not address Rule 26(c)— establish that service triggers the time to file a petition.

We reject Petitioners' argument. As an initial matter, the cases on which they rely involved Section 1252(b)(1)'s repealed predecessor statute or relied on those earlier decisions without acknowledging the intervening statutory amendment. *See* 8 U.S.C. § 1105a(a)(1) (1994) (repealed by Illegal Immigration Reform & Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, § 306(b), 110 Stat. 3009-546, 3009-612 (1996)). Before it was repealed, Section 1105a(a)(1) provided that the time for filing a petition for review ran from "the date of the issuance of the final deportation order." Courts analyzing that statutory text concluded "that 'the date of issuance' is the date the final deportation order was mailed to the correct address." *Martinez-Serrano*, 94 F.3d at 1258.

4

Whatever ambiguity "issuance" or other prior versions of the repealed statute may have presented, *but see Nowak v. INS*, 94 F.3d 390, 392 (7th Cir. 1996) (rejecting *Zaluski* and *Ouedraogo* as inconsistent with the Supreme Court's later decision in *Stone*), Congress eliminated it in 1996 by changing the deadline for filing a review petition to "30 days after the date of the final order of removal." IIRIRA § 306(a)(2), 110 Stat. at 3009-608. When a noncitizen appeals to the Board, the "date of the final order of removal" unambiguously means the date the Board enters its final order affirming the immigration judge's decision or dismissing the appeal. *See* 8 U.S.C. §§ 1101(a)(47)(B), 1252(b)(1).[*]

In any event, the same circuits that issued the decisions in *Ouedraogo* and *Martinez-Serrrano* have also held that Rule 26(c) does not extend the deadline for filing a petition for review because the statute does not refer to service. *See Ramos-Lopez*, 823 F.3d at 1027; *Haroutunian*, 87 F.3d at 377. Thus, in determining the application of Rule 26(c), these courts have been unwilling to go beyond the plain language of the filing-period statute.

We too are bound by the plain language of the statute Congress enacted. Because Section 1252(b)(1) calculates the time to file a petition for review from "the date of the final order of removal," and not from service of that order, Rule 26(c) does not apply. The petition for review was therefore untimely, depriving us of jurisdiction to consider it on the

---

[*] Petitioners and the Attorney General agree that a would-be petitioner who misses the filing deadline because she did not receive timely notice of the Board's decision may move the Board to reissue its prior order so that a timely petition for review can be filed. *See, e.g.*, *Matter of Antolin Bustos-Hernandez*, 2019 WL 4054073, at *1 (BIA July 10, 2019) (unpublished) (granting motion to reissue). It appears that the Board treats a motion to reissue as a motion to reopen. *See Coyt v. Holder*, 593 F.3d 902, 904 n.1 (9th Cir. 2010).

merits.  *See Stone*, 514 U.S. at 405.  Accordingly, we grant the Attorney General's motion to dismiss the petition.

*DISMISSED*