**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-1864**

———————

WILLIAMS MAURICIO RODRIGUEZ SALGADO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Argued:  March 7, 2023                                      Decided:  May 31, 2023

———————

Before AGEE, HARRIS, and QUATTLEBAUM, Circuit Judges.

———————

Petition for review dismissed by published opinion.  Judge Harris wrote the opinion, in which Judge Agee and Judge Quattlebaum joined.

———————

**ARGUED:**  Arnedo Silvano Valera, LAW OFFICES OF VALERA & ASSOCIATES P.C., Fairfax, Virginia, for Petitioner.  Jesse David Lorenz, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:**  Brian M. Boynton, Principal Deputy Assistant Attorney General, David J. Schor, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

PAMELA HARRIS, Circuit Judge:

Williams Mauricio Rodriguez Salgado, a native of Honduras, seeks review of an order of the Board of Immigration Appeals denying his application for cancellation of removal. Because Salgado did not timely file his petition within 30 days of the Board's "final order of removal," 8 U.S.C. § 1252(b)(1), we lack jurisdiction to consider his claim and must dismiss the petition for review.

**I.**

For context, we begin with the statutory provision directly at issue in this case. Under 8 U.S.C. § 1252, we may review a "final order of removal" only if a would-be petitioner seeks court review within 30 days of the date of that "final order of removal." 8 U.S.C. § 1252(a)(1), (b)(1). The question here is whether a Board of Immigration Appeals order settling the issue of removability but remanding for consideration of voluntary departure is a "final order of removal" for purposes of § 1252(b)(1)'s 30-day filing period.

Williams Mauricio Rodriguez Salgado, a native of Honduras, entered the United States without inspection in 2002. After living with his father in Florida, Salgado moved to Virginia, where he and his partner had a daughter in 2011.

In 2014, Salgado was issued a notice to appear, charging that he was removable for having entered the United States without inspection and admission. Salgado, through counsel, conceded removability and applied for cancellation of removal, on the ground of hardship to his lawful permanent resident father and citizen daughter. *See* 8 U.S.C.

2

§ 1229b(b)(1). Alternatively, Salgado sought permission to voluntarily depart. *See* 8 U.S.C. § 1229c. An Immigration Judge ("IJ") denied cancellation of removal, finding that Salgado had not established that his removal would result in an "exceptional and extremely unusual hardship" to his father or daughter, as required by statute. 8 U.S.C. § 1229b(b)(1)(D). The IJ then exercised her discretion to grant Salgado's motion for voluntary departure.

On December 21, 2020, the Board of Immigration Appeals ("BIA" or "Board") dismissed Salgado's appeal from the denial of cancellation of removal. It also remanded the proceedings to the IJ for further consideration of voluntary departure, in light of intervening agency precedent that might affect Salgado's eligibility for that form of discretionary relief. Salgado did not immediately petition for review of the Board's order, and his case returned to the IJ on remand. On July 12, 2021, the IJ, after considering the precedent identified by the Board, reinstated the grant of voluntary departure. At that point, Salgado petitioned for review of the Board's December 2020 denial of cancellation of removal, filing his petition with this court on August 10, 2021.

## II.

The government has moved to dismiss Salgado's petition for review as untimely under 8 U.S.C. § 1252(b)(1). According to the government, the BIA's December 2020 order denying cancellation of removal was a "final order of removal" that started § 1252(b)(1)'s 30-day clock, putting Salgado's August 2021 petition well outside the mandatory filing period and depriving us of jurisdiction to hear his case. In response,

3

Salgado argues that his proceedings did not become "final" until the IJ issued her July 2021 order reinstating voluntary departure, making his August 2021 petition timely under § 1252(b)(1). We determine de novo whether we have jurisdiction, *see Kouambo v. Barr*, 943 F.3d 205, 209 (4th Cir. 2019), and we agree with the government that we must dismiss Salgado's petition because it was not filed within 30 days of the Board's December 2020 order.

Judicial review of orders of removal is governed by 8 U.S.C. § 1252. Under that provision of the Immigration and Nationality Act ("INA"), we may review only "final order[s] of removal." 8 U.S.C. § 1252(a)(1); *see Amaya v. Rosen*, 986 F.3d 424, 429 (4th Cir. 2021) ("The [INA] limits this Court's jurisdiction to final orders of removal."). And we may do so only if a petition for review is filed no more than 30 days after the "final order of removal." 8 U.S.C. § 1252(b)(1). The 30-day period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." *Stone v. INS*, 514 U.S. 386, 405 (1995); *see Santos-de Jimenez v. Garland*, 53 F.4th 173, 174 (4th Cir. 2022) (dismissing for lack of jurisdiction where petition was filed outside 30-day period and explaining that § 1252(b)(1)'s "time limit is mandatory and jurisdictional and is not subject to equitable tolling" (internal quotation marks omitted)).[1] So our jurisdiction over Salgado's August

---

[1] The Supreme Court recently held in *Santos-Zacaria v. Garland*, No. 21-1436, 2023 WL 3356525, at *2 (U.S. May 11, 2023), that a different provision of § 1252 – § 1252(d)(1)'s exhaustion requirement – is not jurisdictional. Because the holding in *Santos-Zacaria* is limited to § 1252(d)(1) and the Supreme Court has not overruled *Stone*, we are bound to apply *Stone* unless and until the Supreme Court provides to the contrary. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) ("We do not acknowledge, and we do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier

2021 petition turns on just one question:   whether the Board's December 2020 order denying cancellation of removal was a "final order of removal" under § 1252, notwithstanding the remand to the IJ to consider eligibility for voluntary departure.

We addressed that very question in *Qingyun Li v. Holder*, 666 F.3d 147 (4th Cir. 2011), holding that a Board order denying relief from removal but remanding on the issue of voluntary departure is a "final order of removal" conferring jurisdiction under § 1252. The *Li* case arose in a posture very similar to the one we now confront:   An IJ found Li removable, denied her application for adjustment of status, and granted the privilege of voluntary departure, and the BIA affirmed the denial of adjustment of status but remanded to the IJ "to grant a new period of voluntary departure and to provide the required advisals." *Id.* at 148–49 (internal quotation marks omitted).  Li – unlike Salgado – filed a petition for review within 30 days of the Board's order and while the voluntary-departure issue remained pending before the IJ.  And the government – echoing Salgado's position here – argued that in light of the Board's remand to the IJ, there was no "final order of removal" over which we could assert jurisdiction.  *Id.*

We disagreed with the government and concluded that we had jurisdiction over the Board's order affirming Li's removability.  As we explained, in two prior cases we had

precedent. We reaffirm that if a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." (cleaned up)). Therefore, *Santos-Zacaria* does not change the result here.

5

held that a remand limited to issues of voluntary departure did not deprive a Board order of finality for purposes of judicial review. *See id.* at 149 (discussing *Saldarriaga v. Gonzales,* 402 F.3d 461 (4th Cir. 2005), and *Perez-Vargas v. Gonzales*, 478 F.3d 191 (4th Cir. 2007)). And the same rule, we held, applied in Li's case: The BIA's denial of Li's application for adjustment was "an appealable order" under § 1252 "even if the details of a voluntary departure remained to be worked out." *Id.* at 151; *see also id.* at 149 (discussing similar and "persuasive" rulings in other federal courts of appeals). For prudential reasons, we declined to exercise our jurisdiction over Li's petition, denying the petition for review without prejudice. *Id.* at 153–54. But our holding was that we had jurisdiction over Li's case because the BIA's order was an immediately appealable "final order of removal" under § 1252. *Id.* at 149.

That holding, we emphasize, is fully consistent with the text of the INA. It is a "final order of removal" that both confers jurisdiction under § 1252(a)(1), as in *Li*, and starts the 30-day clock under § 1252(b)(1). An IJ's order becomes "final" when it is affirmed by the BIA or when the period to seek BIA review expires. 8 U.S.C. § 1101(a)(47)(B). And, critically, the INA defines an "order of [removal]" as "the order of the [authorized official] . . . concluding that the alien is [removable] *or* ordering [removal]." 8 U.S.C. § 1101(a)(47)(A) (emphasis added).[2] It is enough, that is, if a "final"

---

[2] In 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act, which replaced the term "deportation" with "removal." *See Calcano-Martinez v. INS*, 533 U.S. 348, 350 & n.1 (2001). The definitions section of the INA has not been revised to incorporate that change, but we have substituted the current terminology.

order deems the petitioner removable or establishes *removability*; "it need not go further and order immediate removal." *Almutairi v. Holder*, 722 F.3d 996, 1001 (7th Cir. 2013). Putting these statutory provisions together, there was a "final order of removal" in Salgado's case as of December 21, 2020, when the BIA affirmed the IJ's denial of cancellation of removal, making Salgado removable. The availability of voluntary departure may have remained "up in the air," but voluntary departure does not affect Salgado's removability – "it affects only the manner of [his] exit." *Id.*; *see also Foti v. INS*, 375 U.S. 217, 220 n.1 (1963) ("The granting of voluntary departure relief does not result in the alien's not being subject to an outstanding final order of deportation.").[3]

We appreciate that our ruling in *Li* arose in a slightly different context, in which the parties' positions were effectively reversed: There, the question was whether a putative petitioner *could* seek review of a Board order denying relief from removability before resolution of the voluntary-departure issue on remand, and it was the *government* arguing that review was premature because there was not yet a "final order of removal." But that is a distinction without a difference when it comes to the question before us. "Either an

---

[3] As some of our sister circuits have reasoned, this conclusion is bolstered by the fact that we have no jurisdiction to review the denial of a request for voluntary departure, a purely discretionary form of relief. *See* 8 U.S.C. § 1229c(f) (barring judicial review of denials of voluntary departure); *Ngarurih v. Ashcroft*, 371 F.3d 182, 192–93 (4th Cir. 2004). For purposes of judicial review, the BIA's December 2020 order denying Salgado cancellation of removal was the agency's last word; there could be no judicial appeal from the subsequent disposition of Salgado's request for voluntary departure. *See Pinto v. Holder*, 648 F.3d 976, 980 (9th Cir. 2011) ("The BIA's remand to the IJ does not affect the finality of the order of removal because the IJ's only role on remand is to consider Pinto's eligibility for voluntary departure, and that decision is not reviewable . . . ."); *Almutairi*, 772 F.3d at 1001.

order resolving everything except voluntary departure is final and ripe for a petition for review or it is not. If it is final, then the alien not only can, but must, file the petition for review within 30 days of the Board's decision." *Almutairi*, 722 F.3d at 1000. We held in *Li* that "an order resolving everything except voluntary departure," *id.*, is indeed a "final order of removal" conferring jurisdiction under § 1252. We now close the loop and hold – consistent with a circuit-court consensus – that it is also a "final order of removal" for purposes of § 1252(b)(1)'s 30-day filing day period. *See id.* at 1001–02; *Hih v. Lynch*, 812 F.3d 551 (6th Cir. 2016); *Batubara v. Holder*, 733 F.3d 1040 (10th Cir. 2013); *Singh v. Lynch*, 835 F.3d 880 (9th Cir. 2016).

Faced with this straightforward application of our jurisdictional holding in *Li*, Salgado focuses on a different part of that decision: the part in which we declined to exercise our jurisdiction for prudential reasons, instead dismissing Li's petition without prejudice to her later ability to file for review of the BIA's order. *See Li*, 666 F.3d at 151, 153–54. Our concern in *Li* stemmed from the Supreme Court's then-recent decision in *Dada v. Mukasey*, 554 U.S. 1 (2008), and a new regulation, both involving voluntary departure and both making clear that a noncitizen may be "forced to choose" between voluntary departure and judicial review. *See Li*, 666 F.3d at 151. Reviewing Li's challenge to the agency's denial of adjustment of status while her request for voluntary departure also went forward, we reasoned, would allow Li to "circumvent the intent of the regulation and the rationale of *Dada*, whereby an alien may seek voluntary departure *or* post-order relief, but not both." *Id.* at 151–52. So we followed the approach of two other circuits, *see id.* (discussing *Hakim v. Holder*, 611 F.3d 73 (1st Cir. 2010), and *Giraldo v. Holder*, 654 F.3d

8

609 (6th Cir. 2011)), and "prudentially decline[d]" to exercise our jurisdiction over Li's petition at that time, *id.* at 153.

Our decision in *Li* to dismiss without prejudice a petition that *was* timely filed, however, has no bearing on our authority to act on a petition that was *not*. Salgado suggests that if he had petitioned for review immediately after the Board's 2020 "final order of removal," the likely result, under *Li*, would have been a without-prejudice dismissal that allowed for review after the voluntary-departure issue was settled – precisely what he is seeking here. But the "difficulty with that argument," as the Sixth Circuit explained in a directly analogous case, is that the *Li* "court had jurisdiction in the first place by virtue of the original timely petition for review, whereas in this case there has never been such jurisdiction." *Hih*, 812 F.3d at 555 (rejecting argument that failure to file for review within 30 days of a Board order denying relief from removal and remanding on voluntary departure should be excused because circuit precedent would have led to a dismissal without prejudice and later review).[4] Because Salgado failed to file for review within 30

---

[4] As noted above, the federal circuit courts agree on the issue before us today: A Board order that settles removability but remands on voluntary departure is a "final order of removal" under § 1252(b)(1), and a noncitizen seeking judicial review must file a petition within 30 days of that order. We recognize, however, that there are some differences in approach when, as in *Li*, a noncitizen *does* timely seek review before the issue of voluntary departure is settled. When *Li* was decided, two circuits had taken the approach we adopted there, declining to exercise jurisdiction for prudential reasons and dismissing without prejudice to later review. The Seventh Circuit has since suggested that a better course would be to retain jurisdiction over the appeal but stay proceedings on the petition until voluntary departure has been resolved, *see Almutairi*, 722 F.3d at 1002, and the Sixth Circuit has indicated some interest in that alternative, *see Hih*, 812 F.3d at 555. We have no occasion – and indeed, no jurisdiction – to pass on that question today.

days of the Board's December 2020 "final order of removal," this court is barred from reviewing his case, and we must dismiss his petition for review.

## III.

For the foregoing reasons, the petition is dismissed.

*PETITION DISMISSED*