**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1050

JORGE MARCELINO ALVARADO-PEREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of an Immigration Judge.

Submitted: May 10, 2024                          Decided: May 21, 2024

Before RUSHING and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

**ON BRIEF:** Alina Marie Kilpatrick, LEGAL AID JUSTICE CENTER, Richmond, Virginia, for Petitioner. Brian M. Boynton, Principal Deputy Assistant Attorney General, Mary Jane Candaux, Assistant Director, Sabatino F. Leo, Assistant Director, Remi O. Da Rocha-Afodu, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Alvarado-Perez, a native and citizen of Guatemala, illegally reentered the United States in 2021.  On March 11, 2021, the Department of Homeland Security reinstated the removal order originally entered against him in 2011.  Because Alvarado-Perez expressed a fear of returning to Guatemala, an asylum officer conducted a screening interview to determine whether he reasonably feared persecution or torture in his home country.  The asylum officer concluded that Alvarado-Perez failed to establish a reasonable fear of such harm, and an immigration judge concurred in that determination.  On January 11, 2022, Alvarado-Perez petitioned this Court for review of the negative reasonable fear finding.  We placed the case in abeyance for *Martinez v. Garland*, 86 F.4th 561 (4th Cir. 2023), and received supplemental briefing from the parties after that decision.

Under our decision in *Martinez*, we lack jurisdiction to review Alvarado-Perez's petition because it was not filed within 30 days of a final order of removal.  This Court has jurisdiction to review a "final order of removal," 8 U.S.C. § 1252(a)(1), but a petition for such review "must be filed not later than 30 days after the date of the final order of removal," 8 U.S.C. § 1252(b)(1).  That deadline is jurisdictional and not subject to equitable tolling.  *Salgado v. Garland*, 69 F.4th 179, 181 (4th Cir. 2023).  Alvarado-Perez filed his petition for review more than ten years after his original order of removal and ten months after reinstatement of that order.  Measured against either benchmark, *see Martinez*, 86 F.4th at 568, Alvarado-Perez's petition was untimely, depriving us of jurisdiction to review it.

2

Alvarado-Perez contends that his petition was timely because he filed it within 30 days of the immigration judge's order sustaining the negative reasonable fear determination. But as we held in *Martinez*, that decision is not a "final order of removal" reviewable under 8 U.S.C. § 1252(a)(1), nor does it affect the finality of the March 2021 decision reinstating his prior removal order. *Martinez*, 86 F.4th at 567, 570. Alvarado-Perez presents no legitimate reason why the holding of *Martinez* would not apply to his case.

Because Alvarado-Perez did not petition for review within 30 days of a qualifying final order of removal, we must dismiss his petition for lack of jurisdiction. We also deny his motion to hold this case in abeyance for the possibility that the petitioner in *Martinez* may file a petition for a writ of certiorari.

*PETITION DISMISSED*